UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22436-GAYLES

**ORBSAT CORPORATION,**
a Nevada corporation,

      Plaintiff,

v.

**THOMAS SEIFERT, individually**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Thomas Seifert's ("Seifert") Motion to Transfer Action (the "Motion") [ECF No. 5]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### BACKGROUND

This action stems from Plaintiff Orbsat Corporation's ("Orbsat") termination of Seifert—its former Chief Financial Officer—following his alleged violation of his fiduciary duties and fraudulent misrepresentations. In his Motion, Seifert seeks to transfer this action to United States District Judge Marcia G. Cooke, who is presiding over a related action between the parties (the "Related Action"). *See Thomas Seifert v. Orbsat Corporation*, Case No. 1:21-CIV-22410-MGC.[1] *Id.* at 1. The parties are reversed in the case before Judge Cooke: Seifert is the plaintiff and Orbsat is one of the defendants.

---

[1] Docket entries from the Related Action shall be cited as "*Related Action*, [ECF No. __]."

On June 28, 2021, Orbsat filed this action in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. Orbsat asserted claims for breach of fiduciary duty, fraudulent inducement, unjust enrichment, recission, and a declaratory judgment. *Id.* Days later, on July 2, 2021, Seifert filed the Related Action against Orbsat and Charles M. Fernandez for breach of his employment agreement, retaliatory discharge, and defamation. *Related Action*, [ECF No. 1]. On July 6, 2021, Seifert removed the instant action from state court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [ECF No. 1]. On July 8, 2021, Seifert filed the instant Motion, arguing that this action should be transferred to Judge Cooke based on the first-filed rule. [ECF No. 5]. On August 31, 2021, Orbsat filed an Amended Complaint, asserting claims against Seifert for breach of fiduciary duty, breach of an alleged unsanctioned employment agreement, fraudulent inducement, fraudulent misrepresentation, and constructive fraud. [ECF No. 19].

## LEGAL STANDARD

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Licensing Co.*, 713 F.3d at 78. "The issues and the parties need not be identical but must overlap. Raising new claims in the second

action does not defeat the [first-filed] rule . . . so long as their resolutions turn on similar determinations of fact." *Kelly v. Gerber Prods. Co.*, No. 21-CIV-60602, 2021 WL 2410158, at *1 (S.D. Fla. June 11, 2021) (citations and internal quotation marks omitted).

The first-filed rule is discretionary and intended to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of the sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Miccosukee Tribe of Indians of Fla. v. U.S. Dep't of Treasury*, No. 20-CIV-23182, 2020 WL 9720369, at *3 (S.D. Fla. Oct. 1, 2020) (citation and internal quotation marks omitted). *See also AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-CIV-24272, 2017 WL 222053, at *1 (S.D. Fla. Jan. 12, 2017) ("The [first-filed] rule is grounded in principles of comity and sound judicial administration[.]" (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997))). Moreover, the district court "may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes." *Miccosukee Tribe of Indians of Fla.*, 2020 WL 9720369, at *3 (citation omitted).

"In determining whether the [first-filed] rule applies, courts consider '(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues.'" *Kelly*, 2021 WL 2410158, at *1 (quoting *Yao v. Ulta Beauty, Inc.*, No. 18-CIV-22213, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018)). The Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). Compelling circumstances include, for example, "bad faith negotiations, an anticipatory suit, and forum shopping." *Attix v. Carrington Mortg. Servs., LLC*, No. 20-CIV-22183, 2020 WL 9849821, at *2 (S.D. Fla. Oct. 13, 2020) (quoting *Belacon Pallet Servs., LLC v. Amerifreight, Inc.*,

No. 1:15cv191/MW/GRJ, 2016 WL 8999936, at *4 (N.D. Fla. Mar. 26, 2016)). "In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 675 F.2d at 1174.

## DISCUSSION

The Court begins by briefly noting that it is questionable whether the first-filed rule applies to the facts in this case. Typically, the first-filed rule is applied to two cases sitting in separate federal courts. *See Attix*, 2020 WL 9849821, at *2 ("[T]he first-filed rule only applies to two cases filed in separate federal courts." (quoting *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2014 WL 2581355, at *2 (S.D. Fla. June 9, 2014))). Here, both the instant action and the Related Action are in the Southern District of Florida, though the instant action was removed from a Florida state court. Judges in this district have applied the first-filed rule to cases in this district where one of the two cases was removed from a Florida state court. *See, e.g.*, *Borinquen Health Care Ctr., Inc. v. ICare RX LLC*, No. 21-CIV-20872, 2021 WL 1564462, at *2 (S.D. Fla. Apr. 21, 2021); *AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l, Inc.*, No. 16-CIV-24272, 2017 WL 222053, at *1 (S.D. Fla. Jan. 12, 2017).

Assuming that the first-filed rule does apply, the Court finds that the instant action is the earlier-filed action.[2] "[T]here is substantial authority . . . that the date the removed action was filed in state court is the controlling date for the purposes of determining which of the two actions has priority under the first filed rule." *Heritage Schooner Cruises, Inc. v. Acadia Ins. Co.*, No. 09-CIV-22579, 2009 WL 10699880, at *2 (S.D. Fla. Nov. 30, 2009) (citations omitted). "[W]hen a case is removed to federal district court . . . [,] the federal court treats everything done in the state court as if it had in fact been done in the federal court." *Salery v. United States*, 373 F. App'x 29, 30 n.1

---

[2] The parties do not dispute—and the Court finds—that the parties, issues, and factual underpinnings in this action and the Related Action are sufficiently similar to warrant application of the first-filed rule.

4

(11th Cir. 2010) (per curiam). *See also Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937) ("When a case is removed the federal court takes it as [though] everything done in the state court had in fact been done in the federal court.").[3] Here, Orbsat filed the instant action in state court on June 28, 2021, [ECF No. 1-1], days before Seifert filed his Related Action on July 2, 2021, *Related Action*, [ECF No. 1]. Thus, the instant action was filed first.

Seifert argues that the first-filed rule should not apply because Orbsat allegedly filed this action in anticipation of litigation. [ECF No. 5 at 5–7]. "The anticipatory suit exception to the first-filed rule applies when one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." *Collegiate Licensing Co.*, 713 F.3d at 79. When a declaratory judgment action is filed, "one equitable consideration . . . is whether the . . . action was filed in apparent anticipation of the other pending proceeding." *Manuel*, 430 F.3d at 1135 (quoting *Ven–Fuel, Inc. v. Dep't of the Treas.*, 673 F.2d 1194, 1195 (11th Cir. 1982)). "Even if a court finds that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal." *Id.*

Here, Seifert alleges that prior to Orbsat filing the instant action, he informed Orbsat on two separate occasions that he would be filing a lawsuit. *See* [ECF No. 5 at 4 ¶¶ 10 & 12]. Seifert argues that the instant action—which originally included a claim for declaratory judgment—was thus filed in anticipation of him suing. *Id.* at 5 ¶ 14. However, only one of Orbsat's original claims was for declaratory judgment, and Orbsat has since filed an Amended Complaint that does not include that claim. *See* [ECF No. 19]. Because this action no longer includes a declaratory judgment claim, the anticipatory suit exception does not apply. *See, e.g., Renew Life Formulas, Inc. v. Youngevity Int'l, Inc.*, No. 8:14-CIV-1310-T-35EAJ, 2015 WL 12829803, at *4 (M.D. Fla.

---

[3] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Jan. 5, 2015) ("[T]his action is not a declaratory judgment action, and accordingly, the anticipatory suit exception does not apply."). As Seifert has not shown any other compelling circumstances warranting an exception to the first-filed rule, the Motion shall be denied because the first-filed rule applies.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Thomas Seifert's Motion to Transfer Action, [ECF No. 5], is **DENIED**. However, in the interest of judicial economy, this Court is willing to accept transfer of the Related Action so that the claims can be consolidated.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE