UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22436-Civ-GAYLES/TORRES

NEXTPLAT CORP., f/k/a/ ORBSAT CORP.,

    Plaintiff,

v.

THOMAS SEIFERT,

    Defendant.
_____/

THOMAS SEIFERT,

Counter- Plaintiff,

vs.

NEXTPLAT CORP f/k/a ORBSAT CORP, a Nevada corporation,
and CHARLES M. FERNANDEZ,
individually,

Counter-Defendants.
_____/

## ORDER ON DEFENDANT'S
## MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

This matter is before the Court on Defendant/Counter-Plaintiff Thomas Seifert's ("Mr. Seifert" or "Defendant") motion to disqualify attorney Gary S. Phillips ("Mr. Phillips") and his law firm Phillips, Cantor & Shalek, P.A. from representing Plaintiff/Counter-Defendant NextPlat Corporation, formally known as Orbsat, ("NextPlat" or the "Company") and Charles M. Fernandez ("Mr. Fernandez") (collectively, "Plaintiffs") in the above-styled case. [D.E. 58].  NextPlat and

1

Mr. Fernandez responded to the motion [D.E. 61] (incorporating by reference [D.E. 37] filed in the consolidated case), to which Defendant replied [D.E. 40]. Therefore, Defendant's motion is now ripe for disposition.[1] After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.

## I.   BACKGROUND

The claims and counterclaims giving rise to this lawsuit center around Thomas Seifert's employment with NextPlat. Mr. Seifert, a corporate financial professional, was employed by NextPlat, a satellite communication services provider, as its Chief Financial Officer ("CFO") from October 19, 2020, through June 22, 2021.[2] NextPlat asserts that Mr. Seifert engaged in misconduct during his tenure as CFO with the Company, and that this misconduct led to his termination.

First, the Company accuses Mr. Seifert of failing to comply with NextPlat's money transferring procedures and safety standards in breach of his fiduciary duties. This disregard of the Company's standards and procedures, the Plaintiffs allege, led to Mr. Seifert falling victim of an internet phishing scam on May 27, 2021, that cost the Company $45,000. According to NextPlat, Mr. Seifert's negligent actions enabled internet scammers to gain access to his work email account, where they

---

[1] On April 22, 2022, the Honorable Darrin P. Gayles referred all non-dispositive and dipositive matters to the Undersigned for proper disposition. [D.E. 56].

[2] Prior to his role as CFO of NextPlat, Mr. Seifert had worked for the Company as a CFO consultant from 2015 to 2016.

2

learned about the Company's ongoing uplisting efforts with Nasdaq and related upcoming wire transfers. Armed with this information, the scammers were able to create a false email account and pose as Nasdaq agents, who then emailed fake wire instructions to Mr. Seifert purportedly in connection with the uplisting transaction. Mr. Seifert, believing that the scammers were who they represented to be, followed the fraudulent instructions and wired funds in the sum of $45,000 to the scammers.

NextPlat also accuses Mr. Seifert of engaging in misconduct in connection with the renewal of his employment agreement and the adoption of a board resolution issuing company stock to him. According to the company, Mr. Seifert engaged in fraudulent misrepresentations aimed at inducing board of directors to approve the renewal of his employment contract, as well as the issuance of company stock on his behalf. The company asserts that, taken together, these instances of professional misconduct led to the termination of Mr. Seifert's employment as the company's CFO and to this lawsuit against him alleging breach of fiduciary duty, breach of contract, and multiple related fraud counts.

Mr. Seifert, on the other hand, strongly disputes NextPlat's narrative, insisting, instead, that the Company's allegations are no more than pretextual justifications for what was an otherwise unjustified and retaliatory termination of his employment contract. According to Mr. Seifert, the real facts giving rise to his termination took place on June 12, 2021. On that date, NextPlat's new CEO, Charles Fernandez, instructed Mr. Seifert to issue a $25,000 retainer to hire Gary Phillips, Mr. Fernandez's long-lasting personal attorney, as counsel for the company. Mr. Seifert objected to the payment instruction, explaining to Mr. Fernandez that

such payment would not only bypass corporate policies and accounting controls, but would also be in breach of federal regulations applicable to publicly traded companies such as NextPlat.

It appears that faced with Mr. Seifert's resistance, Mr. Fernandez backtracked on his idea to hire Mr. Phillips as counsel for the company. However, according to Mr. Seifert, his adherence to policies and procedures was interpreted by Mr. Fernandez as an act of defiance and insubordination that ultimately led to his termination less than two weeks later. Indeed, Mr. Seifert asserts that his termination as CFO was nothing more than a retaliatory act by Mr. Fernandez in retribution for his refusal to approve the $25,000 payment to retain Mr. Phillips as in-house counsel. Further, Mr. Seifert insists that as soon as the company learned that he had fallen victim to the internet phishing scam – a fact that came to light on June 16, 2021 – Mr. Fernandez immediately seized upon this circumstance to set his termination in motion. Based on this version of the facts, Mr. Seifert has asserted counterclaims for breach of contract, retaliatory discharge, defamation, and negligent misrepresentation against NextPlat and Mr. Fernandez.

Mr. Seifert now moves to disqualify Mr. Phillips and his law firm from representing NextPlat and Mr. Fernandez in this lawsuit, on the basis that Mr. Phillips' involvement in the circumstances that led to Mr. Seifert's alleged retaliatory termination makes him subject to disqualification under Florida Rule of Professional Conduct 4-3.7 ("Rule 4-3.7").

## II.     APPLICABLE PRINCIPLES AND LAW

"The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F.Supp.2d 1309, 1310 (S.D. Fla. 2010) (citation omitted). Disqualification of counsel is a drastic remedy that is applied sparingly. *Id.* (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir.1982)). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (internal quotation marks omitted); *see also Alexander v. Tandem Staffing Sols., Inc.*, 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004) ("Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical purposes."). Moreover, it is well-established that an order disqualifying counsel must be tested against the standards imposed by the Florida Bar's Rules of Professional Conduct. *See AlliedSignal Recovery Tr. v. AlliedSignal, Inc.*, 934 So. 2d 675, 678 (Fla. Dist. Ct. App. 2006); *Tobkin v. Tobkin*, 843 So. 2d 961, 962 (Fla. 4th DCA 2003) (denying disqualification); *Cazares v. Church of Scientology of Cal., Inc.*, 429 So. 2d 348, 349 (Fla. 5th DCA 1983) (denying disqualification).

## III.     ANALYSIS

Defendant argues that Mr. Phillips is subject to disqualification under Rule 4-3.7 for two reasons: (1) Mr. Phillips' central relationship to the events giving rise to this lawsuit, including his role as the would-be recipient of the $25,000 legal retainer, and his exposure to the same phishing scheme of which Defendant was a victim; and

5

(2) Mr. Phillips' firsthand knowledge of the circumstances that led to Mr. Seifert's termination. [D.E. 58 at 13-16].

Given the burden that Defendant must meet on this motion, we find his arguments unpersuasive. Mr. Seifert's Motion reflects a misunderstanding of the proper standards governing disqualification under Rule 4-3.7 and relies on presumed factual assertions that have no bearing on the issue at hand. Indeed, besides conclusorily alleging that Mr. Phillips' testimony is indispensable in this case, Defendant's motion does little to meet his legal burden of establishing that Mr. Phillips' testimony would, in fact, be necessary *and* "sufficiently adverse to the factual assertions or account of events offered on behalf of" NextPlat and Mr. Fernandez. *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011, at *5 (S.D. Fla. Aug. 28, 2014), *aff'd*, 671 F. App'x 765 (11th Cir. 2016).

Defendant's Motion seeks Mr. Phillips' disqualification pursuant to Rule 4-3.7(a). [D.E. 58 at 12]. With some exceptions, Rule 4-3.7(a) prohibits a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." Thus, Rule 4-3.7 "'generally is not implicated when a party does not intend to call its own lawyer as a witness' because the plain language of the Rule states that the attorney is acting as a witness on the client's behalf." *Lancaster v. Harrow*, No. 8:17-CV-634-T-33JSS, 2018 WL 1274754, at *2 (M.D. Fla. Feb. 21, 2018), *report and recommendation adopted sub nom. Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2018 WL 1242240 (M.D. Fla. Mar. 9, 2018) (quoting *Pharma Supply, Inc.*, 2014 WL 4261011 at *5 (denying a motion to disqualify defense counsel because defendants "disclaimed any intent to

6

call [their attorney] as a witness")); *see also Shaw v. Broad & Cassel*, No. 11-23689-CIV, 2012 WL 315050, at *5 (S.D. Fla. Feb. 1, 2012) ("The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness.").

That said, courts in this circuit have construed Rule 4-3.7 to allow disqualification of an attorney due to an intention by the opposing party to call that attorney as a witness. Yet, disqualification in such cases is appropriate only "when it is shown that the attorney will be an indispensable witness or . . . a 'central figure' in the case," *Fleitman v. McPherson*, 691 So. 2d 37, 38 (Fla. Dist. Ct. App. 1997), or "if the attorney's testimony will be sufficiently adverse to the factual assertions or account of events offered on behalf of the client." *Pharma Supply, Inc.*, 2014 WL 4261011, at *5; *see JLIP, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV, 2016 WL 3944076, at *14 (S.D. Fla. Feb. 8, 2016) (denying a motion to disqualify where the client did not intend to call the attorney to testify on its behalf and where movants had "not met their burden of showing that [the attorney's] testimony would be adverse to Plaintiff").

Here it is clear that Mr. Phillips will not testify on behalf of his clients. [D.E. 37 at 4] ("Orbsat is not seeking to have Phillips testify."). Indeed, in support of Plaintiffs' response in opposition, Mr. Phillips himself submitted a sworn statement on the record expressly disclaiming any intention of testifying on behalf of his clients in these proceedings. [D.E. 49-1, ¶ 8] ("I have no intention of testifying in this case."). As such, given that this record contains no evidence suggesting that Mr. Phillips intends to testify on behalf of his clients, Rule 4-3.7 is not implicated

here.  *See Etkin & Co. v. SBD LLC*, No. 11-21321-CIV, 2012 WL 5398966, at *3 (S.D. Fla. Nov. 5, 2012). But "[e]ven if Rule 4-3.7 did apply, the undersigned analysis concludes that disqualification would not be warranted because [Mr. Phillips] is not a necessary witness[.]"  *Id.*

Defendant's conclusory assertions that Mr. Phillips' testimony is "central" or "indispensable" in this case do not survive close scrutiny.  For starters, we discount Defendant's claim that Mr. Phillips "was victimized by the same phishing scheme" that Defendants allegedly cite as the reason for Mr. Seifert's termination.  According to Defendant, the fact that Mr. Phillips, too, was a victim of this internet scam renders his testimony central to questions related to causation.  [D.E. 58 at 13-14].  The problem with Defendant's theory is that Plaintiffs have introduced evidence that directly refutes this conclusory claim.  [D.E. 49-1, ¶¶ 2-7] (affidavit by Mr. Phillips observing that "[a]ccording to Seifert's reply, I was 'duped' by 'an email phishing attack' that was related to the email scam that was cited by Orbsat as one of the grounds for his termination. This statement is false. I was not 'victimized' as Seifert contends.").

Second, Defendant assumes that Mr. Phillips' "firsthand knowledge" regarding the circumstances surrounding Mr. Fernandez's intention to retain him as NextPlat's counsel makes him an indispensable witness in this case.  This assumption is wrong. As Judges in our District have repeatedly held, firsthand knowledge, or even intimate involvement in material events in a lawsuit, does not render a lawyer a "'necessary witness' if another witness is capable of testifying to the matters at issue." *Etkin*,

2012 WL 5398966, at *3 (citing *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, No. 04-80090-CIV-COHN, 2007 WL 433084, at *2 (S.D. Fla. Feb. 2, 2007)).

Specifically, here Mr. Seifert enumerates a list of topics on which Mr. Phillips' testimony is supposedly crucial, including:

> (a) his history as [Mr. Fernandez's] personal counsel, including negotiating [Mr. Fernandez's] CEO Employment Agreement with [NextPlat], (b) whether and to what extent [Mr. Fernandez] made any promises to [Mr. Phillips] in connection with his retention as corporate counsel, (c) the other circumstances surrounding [Mr. Fernandez's] intended retention of [Mr. Phillips] as corporate counsel on June 12 2021, (d) whether the retention was previously documented in writing or in an invoice to [NextPlat], (e) whether the terms of the retention were negotiated at arm's length and who negotiated on [NextPlat's] behalf, and (f) what efforts were undertaking to address any actual or potential conflicts of interest[.]

[D.E. 58 at 3].

Yet, a cursory reading of this list is sufficient to realize that not only is Mr. Fernandez more than capable of offering testimony on all of these topics, but also that he may very well be the best person to testify about them. After all, it is undisputed that it was Mr. Fernandez who decided to retain Mr. Phillips as corporate counsel, who instructed Mr. Seifert to issue the $25,000 retainer, and who ultimately decided to terminate Mr. Seifert's employment with the Company. Based on this record, we are simply unable to agree with Defendant's claim that Mr. Phillips is a necessary witness requiring disqualification. *See Ray v. Stuckey*, 491 So. 2d 1211, 1214 (Fla. Dist. Ct. App. 1986) (holding that a witness "is not indispensable if other witnesses are available to testify to the same information.") (citation omitted); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg*, PA, No. 617CV920ORL37DCI, 2018 WL 6620891, at *5 (M.D. Fla. Sept. 18, 2018) (counsel

not an indispensable witness when "there is independent evidence of [ ] communications and there are witnesses other than [counsel] whom Defendant could call and who could testify concerning the matters identified by Defendant in the Motion."); *see also Alto Const. Co. v. Flagler Const. Equip.*, LLC, 22 So. 3d 726, 727 (Fla. Dist. Ct. App. 2009) (attorney who had contacts with opposition party prior to commencement of lawsuit was not "an indispensable witness" subject to disqualification); *cf. Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1348 (S.D. Fla. 2011) (finding counsel to be a "material witness" where counsel was the actor who performed the retaliatory actions giving rise to the lawsuit).

Finally, Defendant has likewise failed to demonstrate that, were Mr. Phillips to testify as a witness, his testimony would be sufficiently adverse to that of NextPlat and Mr. Fernandez. As Defendant himself recognizes, "[t]he focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness." [D.E. 58 at 12] (citing *Etkin*, 2012 WL 5398966, at *5). Yet, Defendant does not point to any evidence on the record suggesting that Mr. Phillips' testimony would be "sufficiently adverse to the factual assertions or account of events offered on behalf of [NextPlat and Mr. Fernandez]." *Pharma Supply, Inc.*, 2014 WL 4261011 at *5 (denying motion where movant did not establish that counsel's testimony would be adverse to his client); *see TMH Med. Servs., LLC*, 2018 WL 6620891 at *4 ("vague and conclusory" allegations of inconsistent testimony are not sufficient to meet movant's burden). Indeed, as far as we can tell, Mr. Phillips' testimony may very well be perfectly consistent with that of his clients.

In sum, Defendant has failed to carry his burden to establish that Mr. Phillips is, indeed, an indispensable witness in this case, whose testimony as a witness would be sufficiently adverse to NextPlat and Mr. Fernandez to necessitate disqualification pursuant to Rule 4-3.7. Accordingly, Defendant's motion to disqualify counsel is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to disqualify attorney Gary Phillips and his law firm from representing Plaintiffs [D.E. 58] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge