**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-22436-Civ-GAYLES/TORRES

NEXTPLAT CORP., f/k/a/ ORBSAT CORP.,

    *Plaintiff,*

v.

THOMAS SEIFERT,

    *Defendant.*

_____/

THOMAS SEIFERT,

    *Counter- Plaintiff,*

vs.

NEXTPLAT CORP f/k/a ORBSAT CORP,
a Nevada corporation,
and CHARLES M. FERNANDEZ,
individually,

    *Counter-Defendants.*

_____/

**REPORT AND RECOMMENDATION ON SEIFERT'S**
**MOTION TO DISMISS**

This matter is before the Court on Defendant/Counter-Plaintiff Thomas Seifert's ("Seifert" or "Defendant") motion to dismiss Plaintiff/Counter-Defendant NextPlat Corporation's ("NextPlat" or the "Company") Second Amended Complaint (the "SAC") on the grounds that the amount in controversy does not meet the diversity jurisdiction threshold. [D.E. 151]. The Company responded to the motion on

1

February 17, 2023, [D.E. 161], to which Defendant replied on February 24, 2023. [D.E. 165]. Therefore, the motion is now ripe for disposition.[1] After careful consideration of the motion, the supporting record, the relevant authorities, and for the reasons discussed below, Defendant's motion should be **DENIED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

The specific facts underlying this dispute have been outlined in this court's prior rulings and it is unnecessary to reiterate them in detail here. *See* [D.E. 132, 113]. In relevant part, the issues in this consolidated lawsuit stem from Seifert's employment at NextPlat and his subsequent termination in mid-2021. Among other things, NextPlat alleges that Defendant's disregard for internal procedures led to Seifert falling victim to an internet scam that cost the Company $45,000 in wired funds, as well as additional related expenses. The Company also accuses Seifert of fraud in connection with the renewal of his employment contract and the approval of an executive compensation stock award grant. Seifert disputes the truthfulness of these allegations, claiming instead that his termination was entirely driven by unjustified and retaliatory reasons.

After the parties' disagreement reached its peak in mid-2021, the Company filed a complaint in Florida state court against Seifert on June 28, 2021, alleging breach of fiduciary duty, fraudulent inducement, unjust enrichment, and rescission.

---

[1] The Honorable Darrin P. Gayles referred all non-dispositive and dipositive matters to the Undersigned for proper disposition.   [D.E. 56].

[D.E. 1-2 at 4].   Soon thereafter, on July 2, 2021, Seifert filed his own complaint against the Company in this federal district (the "parallel proceeding"), Case No. 1:21-cv-22410-GAYLES/TORRES [D.E. 1], and four days later, on July 6, 2021, he removed the Company's state court complaint to this court on the basis of diversity jurisdiction, setting this case in motion.   [D.E. 1].   Following Seifert's removal of the state court claim to this district, this court granted the Company's motion to consolidate the parallel proceeding into this action, the earlier-filed case, and closed the parallel proceeding on April 22, 2022.   [D.E. 54].[2]

In his 2021 notice of removal, Seifert represented to this court that, despite not pleading a specific amount in controversy, the Company's state complaint clearly met the jurisdictional amount.   [D.E. 1 ¶¶ 8, 19–20].   NextPlat did not object to the notice of removal, and this court, satisfied that Seifert made a good faith showing that the jurisdictional amount was supported by the complaint, exerted jurisdiction over the case.

Nearly two years after filing his notice of removal and commencing this diversity of jurisdiction action, Seifert now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), arguing that, as a matter of fact, the amount in controversy

---

[2] Following consolidation of the two actions, the Plaintiff filed a Second Amended Complaint [D.E. 73], which Seifert moved to dismiss on July 5, 2022.   [D.E. 74]. Seifert also filed counterclaims against the Company, [D.E. 75], which NextPlat moved to dismiss.   [D.E. 80].   On January 9, 2023, the undersigned issued a Report and Recommendation recommending that both motions be granted in part and denied in part, and that multiple counts be dismissed from both the Second Amended Complaint and Seifert's Counterclaims.   [D.E. 132].   On February 3, 2023, Seifert filed the present motion to dismiss the Company's complaint for lack of subject matter and the court stayed the case pending resolution of the motion.   [D.E. 159].

never met the $75,000 jurisdictional threshold.   Specifically, Seifert submits that NextPlat's responses to a supplemental interrogatory claiming $45,000 in damages plus costs and attorney's fees should divest the court of jurisdiction.   [D.E. 151 at 5–6; 151-1].   In other words, Seifert now posits that the representations he made to this court when he first removed the action were inaccurate, and, as such, the case was not properly removed in the first place.

We are unpersuaded.   As we explain further below, Seifert's contradictory and self-defeating challenge to the amount in controversy in this case lacks legal merit. Thus, his motion to dismiss for lack of subject matter jurisdiction should be Denied.

## II.   ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   Our jurisdiction in this case arises from 28 U.S.C. § 1332, which empowers federal court to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States."   28 U.S.C. § 1332(a).

Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.   *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939).   Indeed, "[w]e measure the amount in controversy on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal."   *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir.

2010); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) ("diversity jurisdiction is measured at the time the action is filed").

"Where, as here, the plaintiff has not pled a specific amount of damages, the *removing defendant* must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added). "What counts is the amount in controversy at the time of removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation[.]" *South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and quotation omitted).

Because we are obligated to measure diversity jurisdiction at the time of removal, it follows that subsequent events during the course of the life of a case do not matter in the jurisdictional analysis. "Events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640–41 (11th Cir. 2007) (holding court erred in relying on amended complaint to conclude the parties did not meet the amount in controversy requirement); *see also Burt Co.*, 385 F. App'x at 894 (post-removal events that "may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction."); *Int'l Fid. Ins. Co. v. Alima*, No. 18-60810-CV, 2018 WL 6619854, at *1 (S.D. Fla. Nov. 19, 2018)

(Gayles J.) ("The Court concurs in the finding that events subsequent to the filing of the Complaint have no bearing on whether Plaintiff has established the requisite amount in controversy.")

In this instance, Seifert argues that this court now lacks subject matter jurisdiction over the Company's complaint due to the fact that, nearly two years since he removed the case based on diversity jurisdiction, Seifert can now reference interrogatory responses that purport to show that the Company's damages do not exceed $75,000.   Yet, Seifert's contradictory representations as to the amount in controversy in this case are not enough to oust the court of jurisdiction.

For starters, Seifert's *ex post facto* attack on the amount in controversy misunderstands the way in which courts in this circuit assess jurisdictional amounts in diversity cases.   As our court of appeals has repeatedly instructed, "'[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy **at the time of removal**, **not later**.'"   *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (emphasis added) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).   As such, what matters is not whether future revelations or evidence will corroborate the alleged jurisdictional amount, but whether "on the date on which the court's diversity jurisdiction is first invoked," the plaintiff or removing defendant satisfy this burden.   *Burt Co.*, 385 F. App'x at 894.   Moreover, and contrary to Seifert's assumption, establishing the jurisdictional amount does not require arithmetic perfection nor corroborating evidence.   *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–

89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").   Rather, in a case such us ours, the removing defendant "satisfies this requirement 'by claiming a sufficient sum in good faith.'"   *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (quoting *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

Here, Seifert convincingly made a good faith showing that the jurisdictional amount was comfortably met when he first invoked the court's diversity jurisdiction in 2021.   As noted earlier, in his notice of removal, Seifert represented to this court that, despite not pleading a specific amount in controversy, the Company's state complaint clearly met the jurisdictional amount:

> Counts I-III in the defensive Complaint put at issue more than two million dollars as well as damages for alleged breaches of fiduciary duty in connection with SEIFERT's issuance of the wire transfer and purported procurement of the [June] 2, 2021 Employment Agreement. Count V seeks damages for unjust enrichment for SEIFERT's taking "additional compensation" under the June 2, 2021 Employment Agreement.[] Counts IV and VII seek rescission and a judicial declaration, respectively, voiding the [June] 2, 2021 Employment Agreement (attached as an exhibit to the defensive Complaint) – a value to ORBSAT of more than $720,000.[] Count VI seeks rescission of the [June] 2, 2021 Employment Agreement as well as the issuance of corporate stock to SEIFERT – a value to ORBSAT of more than $1,400,000. See Id.

[D.E. 1 ¶ 8] (footnotes omitted).

Seifert added that the $75,000 jurisdictional amount would be met even if one reduced the entire dispute solely to the difference in salaries between his March 11th employment agreement and the June 2nd contract, given that "the amount placed at

issue in [NextPlat's] desired rescission of the June 2, 2021, Employment Agreement alone would be no less than $90,000."   *Id.* at ¶¶ 19–20, n. 4.

"[E]xamin[ing] the plaintiff['s] original complaints [] at the time of removal[,]" *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997), we find that Seifert indeed met his burden and effectively conferred upon this court subject matter jurisdiction over this case.   *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("The existence of federal jurisdiction is tested as of the time of removal.").   Hence, Seifert's retrospective challenges to the amount in controversy are unavailing.   As noted in Seifert's own notice of removal, the original complaint expressly put in dispute a $45,000 wire fraud charge, the two employment agreements, the grant of corporate stock to Seifert (with an aggregate "value to [NextPlat] of more than $1,400,000"), and consequential damages stemming from Seifert's alleged breaches.   [D.E. 1-2 ¶¶ 7, 9, 20, 28–30, 34, 73–74].   This was more than sufficient to establish the necessary amount in controversy at the time of removal, and whether new revelations purport to call this amount into question is of no moment.   *See Int'l Fid. Ins. Co. v. Alima*, 2018 WL 6619854, at *1 ("The Court concurs in the finding that events subsequent to the filing of the Complaint have no bearing on whether Plaintiff has established the requisite amount in controversy."); *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 867 n.1 (11th Cir. 2017) ("we determine the existence of diversity jurisdiction at the time of removal, and if a plaintiff reduces the claim after removal the district court retains still jurisdiction.").

Indeed, Seifert's change of heart, which seeks a backwards-looking attack on the amount in controversy in this case, is at odds with applicable United States Supreme Court precedent.   In *Dart Cherokee Basin Operating Co., LLC v. Owens*, where the Supreme Court overruled a lower court's order remanding in the CAFA context,[3] the court held that good faith jurisdictional amounts set forth in *unopposed* notices of removal are not amenable to retroactive factual challenges.   574 U.S. 81, 87–89 (2014).   As analyzed by the Eleventh Circuit, the Supreme Court in *Dart* held that:

> when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553, 2014 WL 7010692 at *5, slip op. at 912. In other words, all that is required is a "short and plain statement of the grounds for removal," including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 551, 554, 2014 WL 7010692 at *3, *6, slip op. at 909, 912-13 (quoting 28 U.S.C. § 1446(a)). ***That is the end of the matter***, unless "the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554, 2014 WL 7010692 at *6, slip op. at 912-13.

*Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (emphasis added) (quoting *Dart*, 574 U.S. at 86–89).

---

[3] *Silva v. James River Ins. Co.*, No. 20-CV-80058, 2020 WL 6343354, at *2 (S.D. Fla. Feb. 26, 2020) ("In determining whether the amount in controversy requirement of diversity jurisdiction and CAFA is satisfied, a court is guided by the same standard."); *Dandy v. Wilmington Fin., Inc.*, No. CV 08-1027 JCH/GBW, 2010 WL 11493721, at *2 n. 2 (D.N.M. May 3, 2010) (courts apply "the same standards [that apply to traditional diversity jurisdiction] to demonstrating the amount in controversy in CAFA cases[.]"); *Steen v. Am. Nat'l Ins. Co.*, No. 220CV11226ODWSKX, 2022 WL 19915548, at *1 (C.D. Cal. Feb. 9, 2022) ("these procedures apply to the amount in controversy requirement in CAFA cases to the same extent they apply to ordinary diversity cases.").

To reiterate, Seifert's notice of removal in this case was uncontested by the Company, and the amount in controversy allegations therein were not subject to questioning by this court.   At the time of removal, the original complaint supported Seifert's good faith assessment, and, relying on his uncontested representations, the court exercised diversity jurisdiction over this case.   As the Eleventh Circuit puts it, that is the end of the matter, even assuming Seifert is raising this issue in good faith and not for some strategic purpose.

Finally, we are unpersuaded by the authorities that Seifert purports to cite in support of his so-called factual challenge on the amount in controversy because these cases are readily distinguishable from the facts at hand.   *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) (defendant could not remove case where the state complaint expressly limited damages to $45,000, the notice of removal was premised on conclusory allegations, and plaintiff contested removal); *Freeman v. PNC Bank, N.A.*, No. 16-62520-CIV, 2017 WL 8894635 (S.D. Fla. May 17, 2017) (diversity of jurisdiction not properly invoked where plainly obvious that plaintiff's alleged $5,500 debt did not meet the amount in controversy); *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (frivolous claims arising from a dispute over $1,015 did not meet the amount in controversy threshold); *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) (jurisdictional amount not met where plaintiff's own brief concedes that the amount in controversy is less than the required threshold); *Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1303 (S.D. Fla. 2014) (no diversity jurisdiction where class representative was never entitled to damages for products

not purchased in the first place, and where the damages attributable to purchased items fell $3,954,007 short of the CAFA's amount in controversy requirement).

### III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Seifert's motion to dismiss for lack of subject matter jurisdiction [D.E. 151] be **DENIED**. The Court had subject matter jurisdiction at the time of the removal of the action and has not been ousted of that jurisdiction by intervening events that occurred during the litigation.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; see, e.g., Patton v. Rowell, 2017 WL 443634 (11th Cir. Feb. 2, 2017); Cooley v. Comm'r of Soc. Sec., 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of June, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge