UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-22436-GAYLES/TORRES

**NEXTPLAT CORP. f/k/a ORBSAT CORP.**,

    Plaintiff,

v.

**THOMAS SEIFERT**,

    Defendant.
_____/

**THOMAS SEIFERT,**

    Counter-Plaintiff,

v.

**NEXTPLAT CORP. f/k/a ORBSAT CORP.,**
**and CHARLES M. FERNANDEZ**,

    Counter-Defendants.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Counter-Defendants' Motion for Summary Judgment ("Report"). [ECF No. 210]. On February 3, 2023, Plaintiff/Counter-Defendants Nextplat Corp. *f/k/a* Orbsat Corp. and Charles Fernandez ("Counter-Defendants") filed their Motion for Summary Judgment on Defendant/Counter-Plaintiff Thomas Seifert's Counterclaim (the "Motion"). [ECF No. 147]. On December 4, 2023, the Court referred the Motion to Judge Torres for a report and recommendation. [ECF No. 183]. Counter-Plaintiff filed his response to the Motion on February 5, 2024, [ECF No. 202], to which Counter-Defendants replied on February 12, 2024. [ECF No. 207].

1

In his Report, Judge Torres recommends that the Motion be denied. On February 28, 2024, Counter-Defendants filed objections to the Report. [ECF No. 212]. Counter-Plaintiff subsequently filed a response in opposition to the objections on March 6, 2024. [ECF No. 215].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Counter-Defendants do not object to the Report's recommendation that their Motion be denied. Instead, Counter-Defendants object to the Report to the extent that it (1) characterizes certain facts as undisputed; (2) applies the "good faith" standard in its analysis of Counter-Plaintiff's counterclaim under the Florida Whistleblower Act ("FWA"); and (3) infers that certain facts may be deemed undisputed at trial. [ECF No. 212 at 2].

This Court, having conducted a *de novo* review of the record, agrees with Judge Torres' well-reasoned analysis and recommendation that the Motion should be denied. Regarding the objections, the Court first notes that at summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (internal citation and quotations omitted). Second, the Report correctly applies the appropriate standard for consideration of Counter-Plaintiff's counterclaim. Acknowledging the split among Florida

2

courts, Counter-Defendants attempt to rely on *Smith v. Psychiatric Sols., Inc.*, 358 F. App'x 76 (11th Cir. 2009) as support for the notion that, under Florida law, the "actual violation" standard applies. However, *Smith* preceded *Aery v. Wallace Lincoln–Mercury, LLC*, where the Fourth District Court of Appeal held that to state a claim under the FWA, "all that is required is that the employee have a good faith, objectively reasonable belief that h[is] activity is protected by the statute." 118 So. 3d 904, 916 (4th DCA 2013). Thus, the Report was correct in applying the "good faith" standard in alignment with other courts in our District. Finally, factual inferences made in the Report will not be deemed undisputed facts at trial.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Torres' Report and Recommendation on Counter-Defendants' Motion for Summary Judgment, [ECF No. 210], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference; and

(2)  Plaintiff/Counter-Defendants, Nextplat Corp., *f/k/a* Orbsat Corp. and Charles Fernandez's Motion for Summary Judgment on Defendant/Counter-Plaintiff, Thomas Seifert's Counterclaim, [ECF No. 147], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE