UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22436-GAYLES/TORRES

NEXTPLAT CORP. f/k/a ORBSAT CORP.,

    Plaintiff,

v.

THOMAS SEIFERT,

    Defendant.
_____/

THOMAS SEIFERT,

    Counter-Plaintiff,

v.

NEXTPLAT CORP. f/k/a ORBSAT CORP.
and CHARLES M. FERNANDEZ,

    Counter-Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This cause comes before the Court on Plaintiff / Counter-Defendant, Nextplat Corp.'s ("Nextplat") motion in limine [D.E. 236], which seeks to exclude certain evidence from trial as against Defendant / Counter-Plaintiff, Thomas Seifert ("Mr. Seifert"). Mr. Seifert timely responded to the motion, to which Nextplat replied. Therefore, the motion is ripe for disposition.[1] Upon careful review of the briefing,

---

[1] On April 22, 2022, the Honorable Darrin P. Gayles referred all pre-trial, non-dispositive matters to the Undersigned Magistrate Judge for disposition. [D.E. 56].

1

record, and relevant authority, and for the reasons set forth below, Nextplat's motion is **DENIED**.

## I. BACKGROUND

This case arises out of Mr. Seifert's tumultuous employment with Nextplat. After Nexplat terminated Mr. Seifert for an alleged breach of the parties' employment agreement, Nextplat sued Mr. Seifert for: breach of fiduciary duty; breach of the employment agreement; fraudulent inducement; fraudulent misrepresentation; and constructive fraud. Following Mr. Seifert's Motion to Dismiss the Second Amended Complaint and Motion for Summary Judgment, Nextplat's only remaining claim is a portion of the breach of the employment agreement claim, as well as myriad affirmative defenses.

Mr. Seifert, meanwhile, argues that he was wrongfully terminated and has several surviving counterclaims. Those counterclaims are: (1) breach of contract and (2) violation of the Florida Whistleblower Act.

Those surviving claims are not issue in the pending motion. Rather, two dismissed claims are at issue: Mr. Seifert's counterclaims for defamation and negligent misrepresentation.

First, Nextplat seeks to exclude mention of certain SEC reports that Nextplat published and that served as the basis for Mr. Seifert's defamation claim. Specifically, Mr. Seifert intends to elicit testimony from a damages expert to highlight the damage caused by the SEC reports. The reports purportedly depict Mr. Seifert negatively and have interfered with his ability to find new employment.

Mr. Seifert argues, therefore, that testimony regarding the reports is relevant to the damages of his two surviving claims: the FWA claim and breach of contract claim.

Nextplat, meanwhile, seeks to exclude any and all evidence and expert testimony related to Mr. Seifert's defamation claim, which naturally encompasses those public reports. Essentially, Nextplat believes use of the evidence and testimony for damages is merely a mask for Mr. Seifert to bring the jury's attention to his defamation claim. Beyond that, Nextplat also requests that Mr. Seifert be barred from referring to the reports as "defamatory."

Second, Nextplat seeks to exclude testimony regarding Mr. Seifert's dismissed negligent misrepresentation claim. As to that claim, Mr. Seifert had alleged that Nextplat promised him a certain salary, benefits, and job protection if Nextplat was successfully uplisted by Nasdaq. Mr. Seifert further alleged that when those promises were made, Nextplat knew or should have known that Mr. Seifert's future with Nextplat was in doubt.

Because this claim was dismissed, Nextplat seeks to exclude any mention of the claim or its underpinnings. Mr. Seifert, meanwhile, believes those factual underpinnings may overlap with his argument against Nextplat's affirmative defenses of fraud. Thus, while he concedes that he cannot bring the claim itself before the jury, he opposes a categorical exclusion of the underlying facts.

## II.     PRINCIPLES AND APPLICABLE LAW

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.  Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial.  *See id*. (citing to other sources).

## III.     ANALYSIS

We will first address Nextplat's effort to exclude evidence relating to the defamation claim before analyzing the evidence relating to the negligent misrepresentation claim.

### A. *Defamation Claim*

Here, Nextplat seeks to exclude "any and all testimony relating to" Mr. Seifert's dismissed defamation claim. [D.E. 236 at 4]. Specifically, Nextplat seeks to exclude "any testimony from [expert witness Neil] Burrell that references allegations under the dismissed count of defamation." [*Id*.].

In both Mr. Burrell's expert report and the pending briefing, much attention is spent on certain public SEC reports submitted by Nextplat which purportedly damaged Mr. Seifert's ability to procure employment. These reports also served as the basis for Mr. Seifert's dismissed defamation claim. For example, on June 28, 2021, a Form 10-Q published by Nextplat stated the following:

> The Company has determined to initiate litigation against Mr. Seifert, asserting a number of claims including but not limited to rescission of the employment agreement, fraud in the inducement in connection with the execution of the employment agreement, and breach of the fiduciary duties of good faith and loyalty. The Company does not expect to seek substantial monetary relief in the litigation.

*See* Nextplat Form 10-Q, June 28, 2021 (https://ir.nextplat.com/sec-filings/all-sec-filings/content/0001437749-24-017030/nxpl20240331_10q.htm).

Additionally, a Form 10-Q report published by Nextplat on May 15, 2024 states the following:

> On June 22, 2021, Thomas Seifert's employment as the Company's Chief Financial Officer was terminated for cause. Mr. Seifert asserts that the termination was not for cause and that he is owed compensation payable under his June 2, 2021 employment agreement. The Company's position is that Mr. Seifert is not owed any additional compensation relating to his prior service with the Company or arising under any employment agreement. The Company and Mr. Seifert are currently engaged in litigation over the matter of his employment and termination. The Company believes it has adequate defenses to Mr.

5

> Seifert's claims and has asserted affirmative claims for relief against Mr. Seifert including, but not limited to, breach of the employment agreement, breach of his fiduciary duties, fraud in the inducement in connection with the employment agreement, fraudulent misrepresentation, and constructive fraud. A detailed recitation of the Company's factual allegations supporting these claims can be found in the Company's Second Amended Complaint, filed June 21, 2022.

*See* Nextplat Form 10-Q, May 15, 2024 (https://ir.nextplat.com/sec-filings/all-sec-filings/content/0001437749-24-017030/nxpl20240331_10q.htm). It is Mr. Seifert's argument, based on the expert report of Mr. Burrell, that these public statements have harmed his ability to procure employment as a CFO. And thus, Mr. Seifert argues that it should factor into his breach of contract damages and his FWA damages. The fact that the underlying facts happen to overlap with the dismissed defamation claim, asserts Mr. Seifert, does not affect the *per se* admissibility of the evidence and accompanying testimony.

We agree with Mr. Seifert. Evidence cannot be excluded at this stage unless it is "it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Here, Mr. Burrell's report and anticipated testimony, and the SEC reports submitted by Nextplat, are reasonably relevant to Mr. Seifert's damages. He is entitled to prove to the jury whether those SEC reports have actually impacted his ability to procure employment as a CFO, and it is up to the jury to weigh that evidence. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 4990902, at *6 (S.D. Fla. Aug. 20, 2021) (denying motion to exclude evidence because the relevant "evidence of Plaintiff's smoking [was] not clearly inadmissible on all potential grounds. At a minimum, it [was] relevant to damages.").

6

To be clear—and as Mr. Seifert agrees—in no way, shape, or form may this testimony or evidence be used to disingenuously present Mr. Seifert's dismissed defamation claim to the jury. Moreover, we agree that Mr. Seifert may not refer to these reports, nor may he elicit testimony that refers to these reports, as "defamatory" or "defamation." Additionally, Mr. Seifert may not use evidence or testimony that is relevant to *only* his defamation claim. And if the evidence or facts are used for an inappropriate purpose, Nextplat is well within its right to object at trial and pursue appropriate recourse thereafter.

But we will not *per se* exclude all testimony or evidence that overlaps with the defamation clam and hamper Mr. Seifert's ability to present his damages arguments. *See Perry v. Schumacher Grp. of Louisiana*, No. 2:13-CV-36-FTM-29DNF, 2020 WL 6938391, at *2 (M.D. Fla. Nov. 25, 2020) ("It is clear that no party should present evidence or argument that there were certain claims which have been dismissed by the court. While reference to such claims are excluded, that is not to say that evidence which may have supported such claims could not also support the current claims. The Court cannot say that such evidence could not be relevant, and therefore the motion *in limine* as to evidence (as opposed to references to the nature of the dismissed claims) must be denied without prejudice to raising this issue during the trial."); *see also Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-CV-380-WWB-EJK, 2021 WL 2633820, at *4 (M.D. Fla. June 25, 2021) (denying motion to exclude expert testimony and other evidence that supported dismissed claims because "the Court cannot say that the disputed evidence may not

7

be relevant to issues that remain to be resolved in this case," and encouraging the movant to address any concerns of improper use of that evidence through jury instructions and objections at trial).

Thus, on this score, Nextplat's motion is denied, subject to the conditions set forth above.

### B. *Negligent Misrepresentation Claim*

Additionally, Nextplat seeks to exclude any and all evidence that references Mr. Seifert's dismissed negligent misrepresentation claim. Mr. Seifert argues, however, that some of the factual underpinnings of that claim may be necessary to rebut Nextplat's affirmative defenses. Specifically, Nextplat's tenth, eleventh, fourteenth, and twenty-first affirmative defense each essentially allege malfeasance by Mr. Seifert in procuring and performing his employment agreement.

In response to those affirmative defenses (and also Nextplat's breach of contract claim), Mr. Seifert seeks to be able to express "how and why the June 2, 2021 Employment Agreement came into effect." [D.E. 242 at 13]. And where those facts overlap with the allegations of his negligent misrepresentation claim, Mr. Seifert argues that those facts should not be excluded.

We agree with Mr. Seifert and reiterate that evidence is to be excluded at this stage "only when it is clearly inadmissible on *all* potential grounds." *Ramirez v. OMBS Sec. Sys. LLC*, No. 19-20216-CIV, 2021 WL 4992569, at *1 (S.D. Fla. Aug. 20, 2021) (emphasis added). It is reasonably possible that the factual underpinnings of the negligent misrepresentation claim can be relevant to dispel argument that

Mr. Seifert fraudulently procured his employment agreement or that he breached his employment contract. Thus, a *per se* exclusion of the facts and evidence underlying the negligent misrepresentation claim would be errant.

Of course, to the extent that certain facts or evidence are relevant *only* to Mr. Seifert's negligent misrepresentation claim, those facts would likely not be relevant. But to the extent that facts supporting Mr. Seifert's defense against fraud and breach of contract overlap with the facts supporting the dismissed claim, exclusion is inappropriate.

Thus, we will not *per se* exclude these facts or evidence at trial. If Mr. Seifert seeks to use these facts and evidence improperly (i.e., to present to the jury his negligent misrepresentation claim), or attempts to use facts and evidence that are relevant to only the negligent misrepresentation claim, Nextplat can object at trial and proceed accordingly. *See State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC*, No. 6:20-CV-1240-WWB-EJK, 2023 WL 4854725, at *4 (M.D. Fla. Jan. 10, 2023) ("Because … the counterclaims were in fact dismissed … the Court finds that any attempts to litigate the merits of those claims are properly excluded. Nevertheless, to the extent Plaintiffs are seeking the exclusion of the underlying factual allegations, the Court agrees that they have failed to … establish that the facts are inadmissible on all grounds."); *see also Kapral v. GEICO Indem. Co.*, No. 8:13-CV-2967-T-36EAJ, 2016 WL 7238909, at *1 (M.D. Fla. June 17, 2016) (denying motion to exclude evidence and facts relating to a dismissed claim "some of the

9

evidence w[ould] be relevant to" a pending claim, and instructing the movant to object at trial if the facts or evidence are used improperly).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion [D.E. 236] is **DENIED**. While Mr. Seifert, nor the testimony he elicits, shall not refer to Nextplat's SEC reports as "defamation" or "defamatory," we will not bar reference to any and all facts and/or evidence that may overlap with the defamation claim.

Further, while Mr. Seifert shall not attempt to revive his negligent misrepresentation claim before the jury, nor shall Mr. Seifert accuse Nextplat or Charles M. Fernandez of negligent misrepresentation, we will not bar reference to any and all facts and/or evidence that may overlap with the negligent misrepresentation claim.

If testimony or evidence presented at trial runs afoul of this Order, Nextplat shall timely object.

**DONE AND ORDERED** in Chambers in Miami., Florida this 19th day of September, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge