# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22436-GAYLES/TORRES

NEXTPLAT CORP. f/k/a ORBSAT CORP.,

    Plaintiff,

v.

THOMAS SEIFERT,

    Defendant.

_____/

THOMAS SEIFERT,

    Counter-Plaintiff,

v.

NEXTPLAT CORP. f/k/a ORBSAT CORP.
and CHARLES M. FERNANDEZ,

    Counter-Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION IN LIMINE

This cause comes before the Court on Defendant / Counter-Plaintiff, Thomas Seifert's ("Mr. Seifert") motion *in limine* [D.E. 236], which seeks to exclude certain evidence as against Plaintiff / Counter-Defendants, Nextplat Corp. ("Nextplat") and Charles Fernandez ("Mr. Fernandez") (collectively, "Counter-Defendants"). Counter-Defendants timely responded to the motion, to which Mr. Seifert replied. Therefore,

1

the motion is ripe for disposition.[1] Upon careful review of the briefing, record, and relevant authority, and for the reasons set forth below, Mr. Seifert's motion is **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

This case arises out of Mr. Seifert's tumultuous employment with Nextplat. After Nexplat terminated Mr. Seifert for an alleged breach of the parties' employment agreement, Nextplat sued Mr. Seifert for: breach of fiduciary duty; breach of the employment agreement; fraudulent inducement; fraudulent misrepresentation; and constructive fraud. Following Mr. Seifert's Motion to Dismiss the Second Amended Complaint and Motion for Summary Judgment, Nextplat's only remaining claim is a portion of the breach of the employment agreement claim, as well as myriad affirmative defenses.

Mr. Seifert, meanwhile, argues that he was wrongfully terminated and has two counterclaims: (1) breach of contract and (2) violation of the Florida Whistleblower Act.

In the pending motion, Mr. Seifert moves to exclude twenty-six different categories of evidence. The evidence can be analyzed in eight parts: (1) evidence relating to adjudicated claims and issues; (2) "after-acquired" evidence; (3) evidence related to a withdrawn OSHA complaint; (4) evidence related to expert testimony; (5) evidence relating to settlement discussions; (6) evidence relating to discovery that

---

[1] On April 22, 2022, the Honorable Darrin P. Gayles referred all pre-trial, non-dispositive matters to the Undersigned Magistrate Judge for disposition. [D.E. 56].

2

was not produced; (7) evidence relating to Mr. Seifert's role in sending a phishing scam wire; and (8) evidence relating to Gary Phillips' personal knowledge of the case.

## II. APPLICABLE LAW AND PRINCIPLES

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial. *See id*. (citing to other sources).

## III. ANALYSIS

### A. *Evidence Relating to Dismissed Claims*

In paragraphs 4(a)-(l) of his motion, Mr. Seifert seeks to exclude "any evidence, claim, or argument" relating to myriad dismissed claims and arguments. Specifically, Mr. Seifert moves to exclude "any evidence, claim, or argument" that/of: (a) Mr.

Seifert "breached his fiduciary duties to Nextplat"; (b) "Mr. Seifert's alleged misconduct was the product of a lack of a business judgment"; (c) Mr. Seifert's errant phishing wire was "intentional misconduct, fraud, or comprised a knowing violation of the law"; (d) Mr. Seifert's errant "phishing wire misconduct was intentional or in bad faith"; (e) "Mr. Seifert's alleged phishing wire was anything other than negligence"; (f) Mr. Seifert breached his employment agreement with Nextplat via "failing to participate in Nextplat's post-termination investigation" and "the alleged misrepresentations pertaining to the stock award"; (g) Nextplat suffered damages in connection with Mr. Seifert's alleged breach of his "post-termination obligations"; (h) Nextplat suffered damages beyond the losses it ostensibly suffered from Mr. Seifert's errant administration of the phishing wire; (i) Mr. Seifert "fraudulently induced Nexplat" into entering into an employment agreement; (j) Nextplat suffered damages as a result of Mr. Seifert's alleged misrepresentations to Nextplat's board of directors; (k) Mr. Seifert was terminated due to "willful misconduct"; and (l) that the "phishing wire misconduct comprised 'willful misconduct.'" [D.E. 236 at 5–6].

In response, Nextplat fears that such a broad exclusion of "any evidence, claim, or argument" that relates to the dismissed claims may hamper Nextplat's ability to advance its surviving claim and its affirmative defenses.

In consideration of Nextplat's concern, the Court grants Mr. Seifert's motion only in part. On balance, we recognize the principle that Nextplat (and also Mr. Seifert) is not permitted to argue or present evidence of claims that is relevant only to dismissed claims. Thus, to the extent that Mr. Seifert seeks to exclude evidence

4

and argument that supports *only* dismissed claims, his motion is granted. *See DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2018 WL 8919981, at *3 (M.D. Fla. Sept. 9, 2018) (granting motion to exclude "evidence and argument related to previously dismissed claims as irrelevant and prejudicial" because it did "not appear that evidence of Plaintiff's dismissed claims has any real relevance to Plaintiff's remaining claims," nor did the plaintiff make a showing to the contrary); *Andazola v. Logan's Roadhouse, Inc.*, No. CV-10-S-316-NW, 2013 WL 1834308, at *8 (N.D. Ala. Apr. 29, 2013) (granting motion *in limine* to exclude evidence that is relevant only to plaintiff's dismissed claims).

We refrain, however, from granting Mr. Seifert's requested, blanket exclusion of "any evidence, argument, or claim" relating to these dismissed counts. Indeed, it remains possible that certain evidence supports pending claims and affirmative defenses while overlapping with the dismissed claims. In the same vein, it is possible that potentially-admissible facts that support pending defenses and claims overlap with those dismissed claims.

In that respect, then, we deny Mr. Seifert's motion. Indeed, evidence is to be excluded at this stage "only when it is clearly inadmissible on *all* potential grounds." *Ramirez v. OMBS Sec. Sys. LLC*, No. 19-20216-CIV, 2021 WL 4992569, at *1 (S.D. Fla. Aug. 20, 2021) (emphasis added). At this stage, we do not find that this standard has been satisfied as to "any evidence, argument, or claim" that support the dismissed claims. *See State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC*, No. 6:20-CV-1240-WWB-EJK, 2023 WL 4854725, at *4 (M.D. Fla. Jan. 10, 2023) ("Because …

5

the counterclaims were in fact dismissed … the Court finds that any attempts to litigate the merits of those claims are properly excluded. Nevertheless, to the extent Plaintiffs are seeking the exclusion of the underlying factual allegations, the Court agrees that they have failed to … establish that the facts are inadmissible on all grounds.").

And if Nextplat seeks to use evidence or argument in contravention of this Order (e.g., presents argument supporting only the dismissed claims), Mr. Seifert can timely object at trial and proceed accordingly. *See Kapral v. GEICO Indem. Co.*, No. 8:13-CV-2967-T-36EAJ, 2016 WL 7238909, at *1 (M.D. Fla. June 17, 2016) (denying motion to exclude evidence and facts relating to a dismissed claim "some of the evidence w[ould] be relevant to" a pending claim, and instructing the movant to object at trial if the facts or evidence are used improperly).

Thus, the Court grants in part Mr. Seifert's motion *in limine* as to paragraphs 4(a)–(d) and paragraphs 4(f)–(l). Specifically, the Court agrees that Nextplat may not present argument and evidence that is relevant to only its dismissed claims; of course, Nextplat cannot attempt to bring its dismissed claims before the jury. But because certain arguments, facts, and evidence that support Nextplat's pending claims and defenses may overlap with those supporting Nextplat's dismissed claims, blanket exclusion is inappropriate.

Separately, the Court denies Mr. Seifert's vague, unworkable, and ambiguous request in sub-paragraph (e) to exclude "[a]ny evidence, claim, or argument that Mr.

6

Seifert's alleged phishing wire misconduct was anything other than negligence." [D.E. 236 at 5, ¶ (e)].

### B. *"After-Acquired" Evidence*

Further, Mr. Seifert seeks to exclude any evidence that was known to Nextplat before it terminated Mr. Seifert, but was not used as cause to terminate Mr. Seifert. And specifically, Mr. Seifert seeks to exclude Nextplat from using this evidence to cut against its potential breach of contract liability, as opposed to using the evidence only to limit damages.

Nextplat, meanwhile, believes that if the evidence is excluded, Nextplat will be robbed of its chance to fully present its "after-acquired evidence" defense.

The after-acquired evidence defense is an affirmative defense asserted "where an employer discovers post-termination that employee engaged in wrongdoing during their employment, and establishes that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone had the employer known about the offense at the time of discharge, [and if successfully asserted] the employee's relief may be limited to the date of the discovery of the new information." *Forte v. W. Fla. Med. Ctr. Clinic P.A*, No. 3:14-CV-1-RS-CJK, 2015 WL 2086231, at *5 (N.D. Fla. May 5, 2015) (citing *Holland v. Gee*, 677 F.3d 1047, 1064–65 (11th Cir. 2012)). In other words, if after terminating an employee unlawfully, an employer discovers a reason that may have provided grounds for lawful discharge, the employer may limit its damages.

We agree with Nextplat that *in limine* relief is not appropriate. For one, Mr. Seifert has not sought to exclude any specific piece(s) of evidence, but rather requests a broad exclusion that will apparently encompass any evidence that could be used to argue in favor of limiting liability. Such relief is not appropriate—especially because it is impractical to forecast what evidence and argument may be used regarding liability as opposed to damages. *See Hughes v. City of Lake City*, No. 3:12-CV-158-J-32JBT, 2015 WL 846543, at *1 (M.D. Fla. Feb. 26, 2015) (denying motion to "categorically exclude all evidence about negative incidents during [the plaintiff's] tenure [with the employer]" because such evidence was relevant to the employer's after-acquired evidence defense); *Conklin v. R T Eng'g Corp.*, No. 3:17-CV-415-J-39JRK, 2018 WL 7291430, at *1, n.1 (M.D. Fla. Nov. 16, 2018) ("The Court notices that several of Plaintiff's requests seek broad forms of relief, such as exclusion of evidence that may not have been properly disclosed. Without specifying the exact piece of evidence to be excluded, the Court can only respond to such a request by ordering a broad mandate to follow the rules, which is redundant.").

And second, Mr. Seifert's motion is more so an effort to seek comfort from the Court that Nextplat will not use the after-acquired evidence defense to absolve itself from liability. But if Mr. Seifert fears that the after-acquired evidence defense will be misappropriated (i.e., be used to absolve liability rather than to merely limit damages), Mr. Seifert can eliminate that fear through appropriate jury instructions and objections at trial—not through a broad and undefined motion *in limine*. *See Coyle v. Dakko Prop. Mgmt., Inc.*, No. CV-07-S-0583-S, 2011 WL 13228177, at *2

8

(N.D. Ala. Jan. 4, 2011) (denying motion *in limine* to exclude "any mention of after acquired evidence of wrongdoing by plaintiff" because that issue should "be addressed, as [it arises], during the course of the trial"); *Kovelesky v. First Data Corp.*, 534 F. App'x 811, 815 (11th Cir. 2013) (holding that "the district court did not abuse its discretion in permitting First Data to present evidence in support of its after-acquired evidence defense because Kovelesky had notice of the defense and, if she had prevailed on her claims, the evidence would have been relevant to the issue of damages").

Thus, on this score, Mr. Seifert's motion is denied.

### C. *Evidence Relating to OSHA Complaint*

Next, Mr. Seifert seeks exclusion of any mention of the OSHA complaint he filed against Nexplat before the pending lawsuit was initiated. Mr. Seifert argues that the OSHA complaint is relevant only to an unfiled federal whistleblower claim—not the FWA claim currently at issue—and therefore is not relevant and may confuse the jury.

In response, Nextplat asserts that the evidence relating to Mr. Seifert's OSHA complaint is highly relevant to whether Nextplat complied with federal laws and regulations; i.e., is highly relevant to Nextplat's defense to Mr. Seifert's FWA claim. Thus, Nextplat argues that exclusion of all evidence relating to the OSHA complaint will handicap its ability to put on a complete defense.

We agree with Nextplat that Mr. Seifert's effort to exclude "[a]ny evidence regarding Mr. Seifert's withdrawn OSHA complaint" is far too broad and overlaps

9

with Mr. Seifert's own FWA claim. To be fair, we agree that it is possible the OSHA complaint itself is not *per se* relevant to the pending claims. But, certainly, the Court can conceive a scenario where "evidence relating" to the OSHA complaint (i.e., Nextplat's alleged violations of federal law in connection with Mr. Seifert's FWA claim) would be relevant at trial.

Thus, on this score, Mr. Seifert's motion is denied; it seeks to exclude too large a category of evidence, which encompasses evidence that may be relevant at trial. If at trial, Mr. Seifert perceives improper use of the OSHA complaint, he can object accordingly. *See Benestad v. Johnson & Johnson, No. 20-60496-CIV*, 2022 WL 5241013, at *8 (S.D. Fla. Mar. 29, 2022) (denying motion *in limine* to exclude "a broad category of potential evidence" because some of that evidence "may be relevant" to an issue in the case, and thus the Court "w[ould] not issue a blanket exclusion" but permitted the movant to "raise any particularized challenged to t[he] subject matter at trial"); *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("Motions *in Limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.").

### D. *Evidence Related to Expert Testimony*

Mr. Seifert also moves to exclude the testimony of two experts: Gary Moll and Jake Stone.

As to Mr. Moll, the Court has already entered a *Daubert* Order excluding certain testimony. [D.E. 216]. Counter-Defendants agree that they will comply with that Order. Thus, no further relief on this score is timely, appropriate, or necessary.

As to Mr. Stone, Mr. Seifert seeks to exclude his testimony on grounds that he was untimely disclosed and thus Mr. Seifert has not had an opportunity to depose him and conduct discovery. But in fact, Mr. Stone's expert report was disclosed on December 19, 2022. [D.E. 240-1]. Thus, Mr. Seifert has absolutely no excuse for failing to conduct adequate discovery on Mr. Stone; that is, even if Mr. Stone's disclosure was untimely, any prejudice could have easily been eliminated by Mr. Seifert exhibiting any diligence at all.

Moreover, as a separate ground for rejecting this argument, Mr. Seifert may not use a motion in limine to disguise a *Daubert* motion—for which the deadline passed in 2022. [D.E. 112 at 2].[2] *See Gales v. Wal-Mart Stores E., LP*, No. 6:19-CV-1152-PGB-LRH, 2021 WL 2823269, at *2 (M.D. Fla. Apr. 12, 2021) ("The Court's [scheduling order] has teeth, and Wal-Mart's Daubert challenge is untimely. … Wal-Mart was required to file their *Daubert* challenge no later than January 1, 2021. Having missed the deadline, the Defendant recasts the Daubert challenge as a motion in limine. The Court has seen this tactic pursued before by other lawyers, and it is never successful."); *see also Venture Constr. Grp. of Fla. v. Westchester Surplus Lines*

---

[2] A limited exception was made in the Second Amended Scheduling Order which, after a lengthy stay of the litigation, provided Counter-Defendants an amended deadline to respond to Mr. Seifert's already-filed *Daubert* motion. [D.E. 186 at 1]. The Second Amended Scheduling Order did not, however, provide for new *Daubert* motions.

11

*Ins. Co.*, No. 6:20-CV-1945-WWB-LHP, 2022 WL 1113689, at *1 (M.D. Fla. Mar. 23, 2022) (denying a *Daubert* motion that was presented as a motion in limine after the *Daubert* motion deadline had passed).

Accordingly, Mr. Seifert's unfounded and belated motion to disqualify Mr. Stone is denied.

### E. *Evidence that Mr. Seifert Was Complicit in the Email Phishing Scheme*

Next, Mr. Seifert seeks to exclude "[a]ny testimony or other evidence that Mr. Seifert caused, was complicit with, or participated in the email phishing scheme …." [D.E. 236]. Mr. Seifert's only offered rationale is that such evidence would likely contradict the deposition testimony of Nextplat's witnesses.

This motion is denied. Nextplat has a surviving breach of contract claim that Mr. Seifert's role in the errant phishing wire constituted gross negligence, (as well as several affirmative defenses). To grant Mr. Seifert's motion in this respect would effectively adjudicate all of Nextplat's surviving claims without good cause or rationale. That we will not do.

To the extent Mr. Seifert believes Nextplat's evidence at trial would contradict Nexplat's deposition testimony, Mr. Seifert can cross-examine those witnesses at trial. But we deny Mr. Seifert's motion to exclude all evidence relevant to, essentially, Nextplat's entire case theory. *See Perez v. Fla. POP, LLC*, No. 20-14214-CV, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motion *in limine* because "[r]ather than issue preemptive rulings that may needlessly restrict legitimate evidence and argument, I will make individualized assessments regarding the introduction of any

12

evidence that may [be inadmissible] based on properly raised objections during trial when the specific nature of the evidence is known and presented in context"); *Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 11420664, at *6 (S.D. Fla. Nov. 18, 2020) (denying motion *in limine* to exclude a broad category of evidence because it is more proper for the court to "address the specific evidence and objections …, as appropriate, when they arise at trial").

### F. *Evidence Relating to Settlement Discussions*

The parties agree that "[a]ny testimony or other evidence of the parties' settlement discussions" should be excluded. The Court will honor that agreement and will grant Mr. Seifert's motion in this respect.

### G. *Evidence Relating to Non-Produced Discovery*

Next, Mr. Seifert seeks to exclude "any evidence or documents not produced to Mr. Seifert or withheld during discovery, or testimony or other evidence that Nextplat withheld during discovery depositions under a claimed privilege." [D.E. 236 at 17].

Once again, Mr. Seifert exclusion request is far too broad, and thus his motion in this respect is denied. If Nextplat offers certain testimony at trial that Mr. Seifert believes was improperly withheld or violates discovery obligations, Mr. Seifert can object at trial. But the Court will not preemptively exclude such a vague category of evidence with no knowledge as to what the evidence is and on what basis it will be offered.

Thus, the motion is denied. *See Conklin*, 2018 WL 7291430, at *1 ("The Court notices that several of Plaintiff's requests seek broad forms of relief, such as exclusion

of evidence that may not have been properly disclosed. Without specifying the exact piece of evidence to be excluded, the Court can only respond to such a request by ordering a broad mandate to follow the rules, which is redundant.").

### *H. Evidence Relating to Gary Phillips' Personal Knowledge*

Lastly, Mr. Seifert moves to exclude Gary Phillips—who serves as counsel for Nexplat but is not set to testify in this case—from presenting any commentary or argument that reflects his personal knowledge and involvement in this case. For background, Mr. Phillips' representation of Charles M. Fernandez (Nextplat's Chief Operating Officer) plays a large role in Mr. Seifert's FWA claim. Thus, he has some level of personal involvement in this case.

In this respect, Nextplat concedes that Mr. Phillips "only intends to present argument and comments supported by the evidence and testimony presented to the jury." [D.E. 240 at 10]. While we make note of Nextplat's concession, we will not grant the requested relief; Mr. Phillips is already prohibited from making baseless arguments (as is every other lawyer), and will not be testifying as a witness. Thus, any relief on this score would essentially be a reaffirmation of trial rules. *See Morgan v. Orlando Health, Inc.*, No. 6:17-CV-1972-CEM-GJK, 2021 WL 12100347, at *11 (M.D. Fla. Dec. 8, 2021) (denying in part motion *in limine* because "the Court expects the parties to adhere to the Federal Rules of Evidence during the course of the litigation and finds it unnecessary to issue orders directing them to follow the Rules"); *Rogers v. Fiesta Rest. Grp., Inc.*, No. 15-24073-CIV, 2016 WL 7644789, at *1 (S.D. Fla.

14

July 8, 2016) (denying as "unnecessary" a "motion *in limine* to preclude hearsay statements as evidence" because that relief is already provided by federal rules).

Moreover, it is generally improper for an attorney to argue to the jury from facts known to counsel, as opposed to a witness from the stand. If Mr. Philips tries to violate this rule, the trial judge can address it on timely objection. An order *in limine* is not necessary.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Mr. Seifert's motion is **GRANTED in part** and **DENIED in part**.

A. Mr. Seifert's motion is **granted in part** as to the relief requested in Paragraph 4(a)–(d); Paragraph (4)(f)–(l); and Paragraph 4(t).

B. Mr. Seifert's motion is denied in all other respects.

**DONE AND ORDERED** in Chambers in Miami, Florida this 19th day of September, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge